[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff, Albert Harbec, appeals from a final decision of the defendant Department of Consumer Protection State Fire Sprinkler Systems Work Examining Board ("the board") imposing a fine and suspension of his unlimited fire protection license for causing unlicensed work to be performed. See General Statutes §§ 20-331 (f), 20-334, 20-341, 21a-8. CT Page 7134 The court dismisses the appeal.
The evidence at the hearing before the board established that the plaintiff had a contract to remove part of the sprinkler system at a job site and put it back once an elevator was built and new duct work was installed. (Return of Record ("ROR"), Item 10 (Transcript of Hearing), pp. 17-21, 28-29, 68.) The plaintiff sent two men, a licensed plumber and a sprinkler system apprentice, neither of whom had a license to do fire protection work, to perform the removal phase of the project. The plaintiff did not send a licensed sprinkler system worker because one was not available. (ROR, Item 8 ("Revised Final Decision and Order"), pp. 1-2 ¶¶ 3-4; Item 10, pp. 8-9, 26.)
An inspector for the board saw the two men working with a vise and apparently cutting rod. (ROR, Item 10, pp. 8, 68, 70-71.) There is no evidence, however, that the workers were replacing or reinstalling the sprinkler system. The plaintiff intended to have licensed sprinkler system workers perform the replacement phase of the work. (ROR, Item 10, pp. 26, 73)[1]
The board concluded that the plaintiff had caused or permitted the two workers to perform "fire protection work" without the proper license or supervision. (ROR, Item 8, p. 1 ¶ 3.) The pertinent statute defines "fire protection sprinkler systems work" as follows:
 the layout, on-site fabrication, installation, alteration or repair of any automatic or manual sprinkler system designed for the protection of the interior or exterior of a building or structure from fire, or any piping or tubing and appurtenances and equipment pertaining to such system including overhead and underground water mains, fire hydrants and hydrant mains, standpipes and hose connections to sprinkler systems, sprinkler tank heaters excluding electrical wiring, air lines and thermal systems used in connection with sprinkler and alarm systems connected thereto, foam extinguishing systems or special hazard systems including water spray, foam, carbon dioxide or dry chemical systems, halon and other liquid or gas fire suppression systems, but does not include (A) any engineering design work connected with the layout of fire protection sprinkler systems, or (B) any work performed by employees of or contractors hired by a public water system, as defined in subsection (a) of section 25-33d.
CT Page 7135 General Statutes § 20-330 (9). On appeal, the board defends its conclusion by arguing primarily that the removal of the sprinkler system by the two workers constituted part of "alteration" within the meaning of the statute. The plaintiff maintains that the job performed by the workers was essentially demolition and not "alteration."
Under the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., which governs this case, judicial review of an agency decision is very restricted. See MacDermid, Inc. v. Departmentof Environmental Protection, 257 Conn. 128, 136-37, 778 A.2d 7 (2001). The court determines only whether "there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, 229 Conn. 31, 40,639 A.2d 1018 (1994). "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." General Statutes § 4-183 (i).[2]
General Statutes § 20-330 (9) does not define "alteration." The court must therefore apply the commonly approved usage of the language, including the dictionary definition. See State v. Rivera, 250 Conn. 188,199-200 n. 12, 736 A.2d 790 (1999); General Statutes § 1-1 (a). The dictionary defines to "alter" as "to cause to become different in some particular characteristic (as measure, dimension, course, arrangement or inclination) without changing into something else. . . ." Webster's Third New International Dictionary. Given this definition, the conclusion that the workers performed alteration is reasonable because the workers' removal of the sprinkler system was part of the process of making the sprinkler system into a different arrangement with its surrounding environment.
This conclusion finds support from the fact that the statutes at issue here involve a licensing scheme to protect public health and safety and thus serve a remedial purpose. The court should therefore construe them liberally. See Hartford Hospital v. Department of Consumer Protection,243 Conn. 709, 719-20, 707 A.2d 713 (1998). It would undoubtedly hamper enforcement of the statutes if the board's inspectors had to parcel through each piece of work to determine whether it was part of the removal phase of an alteration or the replacement phase. The more reasonable approach is to construe both phases to be part of "alteration."
The plaintiff voices the concern that an owner will be subject to enforcement in a demolition case based on the mere theoretical possibility that removed pipes may be reused in the future. The board's inspector acknowledged that no license was necessary "if they were taking CT Page 7136 out everything in the building and it would never be used again. . . ." (ROR, Item 10, p. 69.) Thus, if this were truly a case of demolition of the building, in which there were only a theoretical possibility of reuse of the sprinkler system elsewhere, the board would not take enforcement action. In this case, however, it was certain that the plaintiff would replace the sprinkler system. Based on the facts of this case, the board's conclusion that the workers for the plaintiff were involved in alteration of a sprinkler system and thus were engaged in fire protection work was reasonable.
The plaintiff having failed to sustain his grounds for appeal, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court